BC  CVK

RECEIVED
1/7/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

WILLIAM S. JOVEL,
    Plaintiff,

v.

UNKNOWN ENTITY USING THE NAME "BETTER PATH LOANS"
AND JOHN DOE TELEMARKETERS 1–10,
    Defendants.

Case No.: _____
Judge: _____

1:26-cv-00203
Judge Rebecca R. Pallmeyer
Magistrate Judge Gabriel A. Fuentes
RANDOM/Cat. 2

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.
AND ILLINOIS TELEPHONE SOLICITATIONS ACT)

Plaintiff William S. Jovel ("Plaintiff"), appearing pro se, states as follows:

------------------------------------------------------------

I. NATURE OF THE ACTION

------------------------------------------------------------

1. This action arises from Defendants' repeated and unlawful telemarketing calls to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Defendants initiated more than five hundred (500) unsolicited telemarketing calls to Plaintiff despite his number being registered on the National Do Not Call Registry since 2012.

3. Defendants used an automatic telephone dialing system ("ATDS"), predictive dialer, and/or artificial or prerecorded voice to contact Plaintiff without his prior express consent or prior express written consent.

4. Defendants also violated the Illinois Telephone Solicitations Act, 815 ILCS 413, by failing to provide required disclosures and placing unsolicited commercial calls to Plaintiff.

5. Plaintiff seeks statutory damages, treble damages for willful violations, injunctive relief, and all other remedies authorized by law.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA, a federal statute.

7. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides here and the unlawful calls were received here.

## III. PARTIES

9. Plaintiff is a natural person residing in Orland Park, Illinois.

10. Defendants John Doe Telemarketers 1–10 are persons or entities whose identities are presently unknown to Plaintiff due to the use of spoofed caller IDs, VoIP routing, and anonymized telecommunications pathways. Plaintiff will amend the Complaint to name these Defendants once their identities are revealed through discovery.

11. On information and belief, Defendants used or represented themselves as "Better Path Loans," a name provided to Plaintiff by live agents during multiple calls.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff's cellular telephone number, 773-426-1605, has been continuously registered on the National Do Not Call Registry since 2012.

13. Beginning on or about July 23, 2025, and continuing through November 2025, Plaintiff received more than five hundred (500) unsolicited telemarketing calls from Defendants.

14. The calls originated from spoofed or rapidly rotating VoIP caller IDs intended to mask the identity of the caller.

15. Many calls featured:

    a. artificial or prerecorded voice messages;
    b. lengthy periods of "dead air" before a live agent connected;
    c. abrupt disconnections characteristic of predictive dialer use.

16. Plaintiff never provided Defendants with prior express consent or prior express written consent to place telemarketing calls.

17. Multiple live agents identified their company as "Better Path Loans," provided callback numbers, and attempted to solicit Plaintiff for financial products.

18. Telecommunications trace data indicates that Defendants' calls were routed through PeeringHub Communications and HD Carrier.

19. Plaintiff issued written litigation hold letters to these carriers instructing them to preserve call detail records, routing information, and SIP logs related to the calls.

20. Plaintiff suffered nuisance, invasion of privacy, annoyance, and loss of time as a direct result of Defendants' repeated unlawful calls.

---

V. CAUSES OF ACTION

---

COUNT I – Violation of 47 U.S.C. § 227(b)
(Unlawful Autodialed and Prerecorded Calls)

21. Plaintiff incorporates paragraphs 1–20 as though fully set forth herein.

22. Defendants placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS"), predictive dialer, and/or artificial or prerecorded voice without Plaintiff's prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

23. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500 per violation, and up to $1,500 per violation for willful or knowing noncompliance.

---

COUNT II – Violations of 47 U.S.C. § 227(c)
(National Do Not Call Registry Violations)

24. Plaintiff incorporates paragraphs 1–23 as though fully stated herein.

25. Plaintiff's number has been registered on the National Do Not Call Registry since 2012.

26. Defendants placed more than one telephone solicitation to Plaintiff within any twelve-month period despite this registration, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

27. Plaintiff is entitled to $500 per violation and up to $1,500 for willful or knowing violations.

---

COUNT III – Illinois Telephone Solicitations Act
(815 ILCS 413/15 and 413/20)

28. Plaintiff incorporates paragraphs 1–27 as though fully set forth herein.

29. Defendants placed unsolicited telephone solicitations to Plaintiff and failed to provide required disclosures in violation of 815 ILCS 413/15.

30. Under 815 ILCS 413/20, Plaintiff is entitled to statutory damages of $500 per violation.

---

VI. PRAYER FOR RELIEF

---

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

- a) Statutory damages of $500 per violation under the TCPA;
- b) Treble damages of up to $1,500 per willful or knowing violation;
- c) $500 per violation under Illinois law;
- d) Injunctive relief prohibiting Defendants from placing further unlawful calls to Plaintiff;
- e) Leave to amend this Complaint to identify the Doe Defendants;
- f) Costs of suit; and
- g) Any other relief the Court deems just and proper.

---

VII. JURY DEMAND

---

Plaintiff demands a trial by jury on all issues triable by jury.

Respectfully submitted,

/s/ William S. Jovel


William S. Jovel
8240 Paloma Drive
Orland Park, IL 60462
Phone: 773-426-1605